REICHERT, Respondent, *v.* SIMONS ET AL., Appellants.

1. Chattel Mortgages — Filing, Effect.

In this jurisdiction the filing of a chattel mortgage is equivalent to an actual delivery and continued change of possession of the property mortgaged, as such act saves it from the operation of section 2024, C. C., declaring fraudulent and void all transfers not accompanied by an actual and continued change of possession of the things transferred.

2. Same — Possession — Fraud — Burden of Proof.

Where a chattel mortgage has been duly filed, the fact that the mortgagor remains in possession of the property, furnishes, of itself, no evidence of fraud. In such case, where a creditor attacked the mortgage for fraud, it was held proper to instruct the jury that the burden of proof was upon him to establish that it was fraudulent.

(Argued February 11, 1889; affirmed February 19; opinion filed May 31, 1889.)

APPEAL from the district court, Barnes county; Hon. W. H. FRANCIS, Judge.

*John S. Watson* and *Dillon & Preston,* for appellants.

The court erred in its instruction as to the burden of proof.

At the time of the levy the goods were in the possession of the mortgagor; this alone cast upon the plaintiff, the burden of showing consideration sufficient to support the instrument. Bump, Fraud. Con. 44, 115, 118, 119; Wait, Fraud. Con., § 271; Jones, Chat. Mortg., §§ 325, 326; Jones v. Franks, 6 Pac. Rep. 789.

*Herman Winterer* and *F. H. Remington*, for respondent.

The only exception saved was to the instruction upon the burden of proof. It correctly stated the law. Bump, Fraud Con. (3d ed.) 600, 603, and authorities cited. See, also, Nugent v. Jacobs, 103 N. Y. 125–9; Wait, Fraud. Conv., § 271.

The cases cited by appellant relate to the sale of property. Where the property is left in the possession of a vendor, the rule is different from where it is left in the possession of a mortgagor. In the former case, the presumption is that the transfer is fraudulent; in the latter, there is no such presumption if the mortgage has been filed for record. Section 2024, C. C., excepts mortgages from the presumption of fraud, when there is not a change of possession. Under the registry laws, the filing or recording of a mortgage has the same effect as a delivery of the property. Jones, Chat. Mortg., §§ 236, 329; Cotton v. Marsh, 3 Wis. 221; Bond v. Seymour, 1 Chand. (Wis.) 40; Frankhouser v. Elliott, 22 Kan. 127.

TEMPLETON, J. On the 6th day of January, A. D. 1887, Leopold Bros. & Co., of Chicago, Ill., commenced an action in the district court of Barnes county, in this territory, against one Rebecca Less, a resident of Valley City, in said county. A writ of attachment was immediately issued in said action, and was levied upon the stock of goods in question by John Simons, one of the defendants, in his official capacity as sheriff of said county.

It is not disputed that Rebecca Less was the general owner of said stock of goods.

On the 10th day of February, A. D. 1887, Leopold Bros. & Co. recovered judgment against Rebecca Less for the sum of $1,086.63; execution issued, and the goods previously attached were sold to satisfy the same.

On the 30th day of December, A. D. 1886, seven days prior to the commencement of the action by Leopold Bros. & Co. against

her, Rebecca Less executed a chattel mortgage upon the stock of goods in question in favor of Robert Reichert, the plaintiff in this action, to secure the sum of $3,250. The mortgage was properly executed, delivered and duly filed.

The plaintiff, Reichert, resided at Philadelphia, Pa. His daughter, Mrs. Less, had been engaged for several years at Valley City in the business of retailing clothing and gents' furnishing goods; her husband assisting her.

The plaintiff, claiming a special property in said stock of goods by virtue of his chattel mortgage, brought this action against the sheriff and the sureties upon his official bond, alleging failure of the sheriff to perform his duty, in that he did not pay, tender, or deposit the amount of the mortgage debt, as required by statute, before taking the property under the writ of attachment, and selling it under the execution.

The defense relied upon in this action was that the mortgage was made without consideration, and was fraudulent and void as to creditors.

All the issues of fact raised by the evidence were found by the jury in favor of the plaintiff, and judgment was accordingly given by the court.

Several questions were discussed by appellants' counsel upon the argument, but an examination of the record discloses that only one material point was saved by proper exception in the court below.

The point saved, and the only one which we have considered, relates to the charge of the court to the jury upon the burden of proof. The court, among other things, instructed the jury as follows: "The law never presumes fraud, and the burden of proof rests upon the defendants in this action to prove that the mortgage set forth in the complaint is fraudulent."

The possession of the mortgaged goods was not delivered to the mortgagee, but remained in the mortgagor; and defendants' counsel insist that, although the mortgage was properly executed and duly filed, it was at least *prima facie* void as to creditors of the mortgagor, and that the burden was upon the plaintiff to establish by affirmative evidence the good faith and validity of the transaction.

The point is not well taken. In this territory the filing of a chattel mortgage, properly executed, and fair and regular upon its face, is equivalent to actual delivery and continual change of possession of the property mortgaged, although the mortgage, in terms, provides for retention of the property by the mortgagor, and possession is retained by him. Such a transaction is not fraudulent *per se*, nor *prima facie* evidence of fraud. In New York and Minnesota, where it is held that the filing of a chattel mortgage is not equivalent to actual delivery and continued change of possession, but that a failure to file is " merely another ground on which a mortgage of personal chattels shall be void," the statutes regarding fraudulent conveyances do not except from their operation a chattel mortgage when allowed by law ; but in those states mortgages and absolute sales of chattels are governed by the same rules of law. In this territory, on the other hand, the statute regarding fraudulent conveyances (Civil Code, § 2024) excepts from its operation mortgages of chattels when allowed by law, hence that section in no way conflicts with the rule above laid down regarding the effect of filing a chattel mortgage.

This rule, when established, does not repeal the statute regarding fraudulent conveyances, as would be the case in New York and Minnesota if the filing of the mortgage were held, in those states, equivalent to actual and continued change of possession. Our statute clearly contemplates that the mortgagor may retain possession of the mortgaged property until a breach in the conditions of the mortgage, and it is difficult to see how such an act of itself can be held fraudulent, or even evidence of fraud. When the law authorizes an act, to say such an act is fraudulent seems to me is to state an absurdity.

This view of the case appears to be in harmony with the spirit of our statutes, and is supported by high authority. Robinson v. Elliott, 22 Wall. 513; Frankhouser v. Ellett, 22 Kan. 127; Cotton v. Marsh, 3 Wis. 199 ; Jones, Chat. Mortg., § 329.

The judgment of the lower court is affirmed.